IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE MONCRIEF as Administratrix of the Estate of Gary Moncrief, deceased, and in her individual capacity, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> City of Montgomery a municipal corporation of the State of Alabama, *et al*., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) CASE NO. 2:23-cv-331-JTA ) ) ) ) ) ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7), which Defendants oppose (Doc. No. 16). Also before the Court is Plaintiffs' Motion to Extend Time to Serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two (Doc. No. 25) which Defendants do not oppose (Doc. No. 27). For the reasons stated below, Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7) is due to be granted in part and denied in part, and Plaintiffs' Motion to Extend Time to Serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two (Doc. No. 25) is to be granted.

A. Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7)

Plaintiffs seek early discovery for the purpose of identifying the Defendants who are currently identified as Montgomery Police Officers One and Two. They explain in detail numerous ways in which they have diligently attempted to obtain those officers' identities without resorting to a request for early discovery. In furtherance of their stated goal of identifying Defendants Police Officers One and Two, Plaintiffs request leave to serve a third-party subpoena on the Alabama State Bureau of Investigation ("SBI") for production of

> documents and videos from the SBI investigative file related to the officer-involved shooting at 100 Gibbons Drive, Montgomery, on May 18, 2021, including the actions and identities of the Montgomery Police Department Officers at the aforementioned location around 20:00 (8:00 p.m.).

(Doc. No. 7-1 at 1.)

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "A party seeking discovery prior to a Rule 26(f) planning conference by means of a court order must show 'good cause.'" *Burns v. City of Alexander City*, No. 2:14-CV-350-MEF, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014); 8A Richard. L. Marcus, Charles Alan Wright, & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2023) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate

2

discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). As Defendants point out, good cause has been found when there exists potential spoliation of evidence, the plaintiff seeks a preliminary injunction, or unique circumstances necessitate immediate, limited discovery. *Burns*, 2014 WL 2440981, at *1.

Good cause is also frequently found where (as Plaintiffs contend is the case here) discovery is needed to reveal the name of real but fictitiously named parties – not an uncommon scenario in § 1983 cases alleging the use of excessive force by law enforcement or corrections officers. *See Taylor v. Brooks*, No. 5:20-CV-00467-CLS, 2020 WL 3129862, at *3 (N.D. Ala. June 12, 2020) (allowing early discovery where "[t]he fictitious defendants originally pled are real persons whose names are unknown by plaintiff, but persons who can be easily identified by defendant" and "[t]he discovery proposed by plaintiff is narrowly tailored, and designed to uncover the identity of those individuals"); *Mann v. Darden*, 630 F. Supp. 2d 1305, 1310 (M.D. Ala. 2009) ("When Mann filed this suit, she also filed a motion seeking early discovery for the purpose of uncovering the actual names of the officers who participated in her tasing. That motion was granted on August 29, 2007.").

Defendants contend that the *Burns* decision denied early discovery in "a similar context" to this case and that denial is likewise warranted here. (Doc. No. 16 at 2.) In *Burns*, the plaintiffs were "seeking [early] discovery of the results of an official investigation into the shooting and Alexander City's policies on the use of lethal force." *Burns*, 2014 WL 2440981, at *1. The plaintiffs alleged the investigatory records were "time-sensitive" (an

allegation in which the district judge found no merit) and needed "to secure the assistance of expert witnesses," something which could feasibly have been accomplished in the usual order of the discovery process. *Id.* at **1-2. Notably, however, the *Burns* plaintiffs did not allege they needed early discovery in order to identify fictitiously named defendants. To the extent that Plaintiffs are seeking broad discovery of all "documents and videos from the SBI investigative file related to the officer-involved shooting at 100 Gibbons Drive, Montgomery, on May 18, 2021," Defendants' argument is well-placed. Plaintiffs have not shown any reason, such as potential spoliation of evidence, why they need such broad, early discovery of all such investigative files, documents, and videos, when most of what they are requesting can feasibly be obtained in the due and ordinary course of discovery and exceeds the scope necessary to merely obtain the names of Defendants Montgomery Police Officers One and Two. *See id.* at **1-2 (denying early discovery where the plaintiffs failed to show why they could not wait until after the Rule 26(f) conference to obtain expert witnesses and discover the contents of investigatory files and city policies).

However, Defendants' citation to *Burns* does not persuade the Court to deny early discovery of the identities of Defendants Montgomery Police Officers One and Two, who have been sued under fictitious names because Plaintiffs have been unable to obtain their names with due diligence. Whereas the information sought in *Burns* was merely information that could have been covered in the usual timing of the Rule 26(f) conference and discovery plan, early discovery of the identity of Defendants Montgomery Police Officers One and Two would be useful in ensuring that the Complaint reflects the true names of the defendants in this case. Though not necessarily needed to prevent spoliation

4

of evidence, the early discovery requested for the purpose of identifying Defendants Police Officers One and Two is time-sensitive in that it will facilitate a more orderly process of amendment of pleadings and will aid the parties in designing a discovery plan at the Rule 26(f) conference with all interested parties present and with a better understanding of the matters into which discovery will be needed.[1]

The Court is mindful that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). For this reason, discovery is often stayed pending the disposition of a motion to dismiss; however, in this case, knowing the real names of Defendants Montgomery Police Officers One and Two at the present stage of the proceedings would only facilitate the process of resolving Rule 12 motions before discovery commences in full. The fact that the named Defendants in this case have filed a Motion to Dismiss (Doc. No. 15), which is currently pending, only underscores the need for early discovery to name the remaining defendant officers more accurately. *See Taylor*, 2020 WL 3129862, at *3 ("[T]he pending motion to dismiss th[e] named defendant also creates an urgency to name the other defendants that could not be resolved in the normal

---

[1] Despite reference to the usefulness of the requested early discovery in formulating a discovery plan, this Memorandum Opinion and Order is not to be construed as ruling on whether an amendment more specifically naming Defendants Montgomery Police Officers One and Two (or relation back of any such amendment) will be allowed. Those issues are not before the Court at this time.

course of litigation."). Though no prejudice will inure to any Defendant[2] by granting Plaintiffs' limited, targeted early discovery request, there is some risk to Plaintiffs if their request is denied.

Accordingly, the Court finds good cause for the limited early discovery Plaintiffs request for the purpose of identifying Defendants Montgomery Police Officers One and Two, who were allegedly involved in the shooting incident that gave rise to this action. Therefore, Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7) is due to be granted in part to allow discovery of the names of those officers. *See Taylor*, 2020 WL 3129862 (allowing early discovery in similar circumstances so that the plaintiffs could obtain the identities of fictitiously-named defendants). Because the named Defendants are likely in possession of that information, the Court will permit Plaintiffs to propound no more than three interrogatories on each of the named Defendants for the limited purpose of discovering the identities of Police Officers One and Two. However, Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7) is due to be denied in all other respects, because it seeks discovery of investigative files, documents, and videos that are more properly sought in the ordinary course of discovery and exceeds the scope necessary to identify Defendants Montgomery Police Officers One and Two.

---

[2] In the event that Plaintiffs move to amend their Complaint to more specifically name the Defendant police officers, this Memorandum Opinion and Order does not necessarily preclude any party from opposing such a motion or from litigating whether any such amendment will relate back to the date of the original Complaint. Those issues have yet to be determined.

6

B.     Plaintiffs' Motion to Extend Time to Serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two (Doc. No. 25)

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "the [C]ourt must extend the time for service for an appropriate period" upon a plaintiff's showing of good cause for failing to serve a defendant within 90 days after filing the Complaint. Plaintiffs state that they have been unable obtain to the information necessary to serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two, despite diligent efforts to obtain that information. The Court finds that Plaintiffs have shown good cause for the delay in service and that the requested ninety-day extension of the deadline for service until November 14, 2023 is reasonable. Accordingly, Plaintiffs' Motion to Extend Time to Serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two (Doc. No 25), which Defendants do not oppose, is due to be granted.

C.     Conclusion

Accordingly, it is ORDERED as follows:

1.     Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7) is GRANTED IN PART in that, **on or before September 23, 2023,** Plaintiffs, collectively, may propound a total of three interrogatories on Defendant City of Montgomery and a total of three interrogatories on Defendant Ernest N. Finely, Jr., for the limited purpose of determining the identities of the Defendants currently identified as Montgomery Police Officer One and Montgomery Police Officer Two.

2. Defendants Finley and City of Montgomery shall respond[3] to those interrogatories within 30 days of being served with them.

3. Plaintiffs' Motion for Leave to File a Third-Party Subpoena Prior to a Rule 26(f) Scheduling Conference (Doc. No. 7) is DENIED in all other respects.

4. Plaintiffs' Motion to Extend Time to Serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two (Doc. No 25) is GRANTED.

5. Plaintiffs shall serve Defendants Montgomery Police Officer One and Montgomery Police Officer Two **on or before November 14, 2023**.

DONE this 23rd day of August, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] This Order does not preclude Defendants from raising proper objections to the interrogatories, except that it precludes any objection that the interrogatories are premature.