IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE MONCRIEF, as Administratrix of the Estate of Gary Moncrief, deceased, and in her individual capacity, BENITA MONCRIEF, and TAMARA ACREE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MONTGOMERY, a municipal corporation of the State of Alabama, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 2:23-cv-331-JTA <br> (WO) |

**<u>MEMORANDUM OPINION</u>**

Before the Court is the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Alabama State Bureau of Investigation Special Agents Wayne Gaskin and Jared Roberson ("SBI Defendants").[1] (Doc. No. 134.) For the reasons stated below, the motion will be granted.

### I.   JURISDICTION AND VENUE

The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 22, 23, 149.)  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. The

---

[1] Defendants Gaskin and Roberson are agents of the Alabama State Bureau of Investigation ("SBI").

parties do not contest personal jurisdiction or venue, and Plaintiffs' allegations are adequate to support both. *See* 28 U.S.C. § 1391.

## II.     STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). While Federal Rule of Civil Procedure 8(a) "does not require 'detailed factual allegations'. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint is insufficient if it "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In short, a complaint must provide a "'plain statement possess[ing]' enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (internal quotations omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

### III.     FACTS[2] AND PROCEDURAL HISTORY

This case arises out of a May 18, 2021 incident in which Defendants Christopher Brown and James Albrecht, police officers for the City of Montgomery, used deadly force by firing into a vehicle occupied by four people. In the incident, one of the occupants, Gary Moncrief, died due to a gunshot wound.

On May 17, 2023, Plaintiff Janice Moncrief, Gary Moncrief's mother and next of kin who sues in both her representative and individual capacities, along with Plaintiffs Benita Moncrief and Tamara Acree, filed this suit against Defendants Brown, Albrecht,[3] the City of Montgomery ("the City"), and Ernest N. Finley[4] ("the Original Defendants"). (Doc. No. 1.) On March 18, 2025,[5] Plaintiffs filed a forty-one page[6] Second Amended

---

[2] The facts here are drawn from the allegations in Plaintiffs' Second Amended Complaint which, for purposes of considering the motion to dismiss, are taken as true and construed in the light most favorable to Plaintiff. *See Resnick*, 693 F.3d 1321–22. At this stage of litigation, those allegations have not been proven.

[3] Plaintiffs originally filed suit against Defendants Brown and Albrecht under fictitious names. (Doc. No. 1.) Prior to the filing of the amended complaint, the Court allowed a period of limited discovery for Plaintiffs to discover the names of the two officers. (Docs. No. 28, 29.) *Moncrief v. City of Montgomery*, No. 2:23-CV-331-JTA, 2023 WL 5444654 (M.D. Ala. Aug. 23, 2023).

[4] The Court dismissed Defendant Ernest Finley in an order entered September 20, 2024. (Doc. No. 42.)

[5] Plaintiffs' Second Amended Complaint was untimely filed. Nevertheless, the Court gave Plaintiffs leave to amend. (*See* Doc. No. 77.)

[6] The body of the complaint is forty-one pages. The complaint, in its entirety, is comprised of the body of the complaint and thirty exhibits, including several thumb drives. Plaintiffs filed most of the exhibits under seal.

Complaint[7] in which they added claims against the Original Defendants, the SBI Defendants, and Defendants Bianka Ruiz, D'Shana Snyder, Laquita Clark, Alix Payne, Jr., Brian Dixon, Ed Jones, Ralph Tucker, and Raynard Dabney ("the New MPD Defendants").[8] (Doc. No. 74.)

Plaintiffs appear[9] to allege the SBI Defendants investigated the scene of the shooting after the fact. (Doc. No. 74 at 7–8, 19–20.) According to their investigatory notes, Defendant Gaskin interviewed witnesses, then met with Defendant Tucker, who had preserved a Taurus 9 mm handgun, Serial # TJP72525, as evidence and secured it inside his vehicle. (*Id*.) Defendant Tucker stated he had secured the weapon from Gary Moncrief. (*Id*.) Defendant Gaskin's report states he took photographs of the Taurus handgun as it lay inside the passenger floor of Defendant Tucker's police vehicle. (*Id*.) Thereafter, Defendant Gaskin secured the weapon. (*Id*.) Defendant Gaskin also secured the crime scene log, which does not contain the names of either SBI Defendant. (*Id*.) As part of their investigation, the SBI Defendants created an Incident Scene Diagram, which did not include the Taurus handgun Defendant Tucker took from Gary Moncrief after the shooting. (*Id*. at 19–20.) An SBI investigation subsequently determined Gary Moncrief died from a

---

[7] The Court pretermits unnecessary discussion of the First Amended Complaint and the numerous motions, filings, and orders filed in the interim between the Complaint and Second Amended Complaint.

[8] The New MPD Defendants are police officers of the City of Montgomery Police Department.

[9] Plaintiffs' Second Amended Complaint is not a model of clarity.

self-inflicted gunshot wound from the Taurus handgun found on his person at the scene.[10] (*Id.*)

On June 11, 2025, Defendants Gaskin and Robinson filed a partial motion to dismiss. (Doc. No. 134.) Plaintiffs filed a brief in response to the motion to dismiss, and Defendants Gaskin and Robinson filed a reply. (Docs. No. 147, 153.) The motion to dismiss is ripe for disposition.

### IV.   DISCUSSION

In Count IV of the Second Amended Complaint, Plaintiffs allege a single claim against the SBI Defendants:[11] a conspiracy claim pursuant to 42 U.S.C. § 1985. (Doc. No. 74 at 28–30.) Specifically, Plaintiffs allege that, in concert with the other individual Defendants, the SBI Defendants knowingly deprived Plaintiffs of their constitutional rights by conspiring "to falsify evidence and/or to break the chain of custody of evidence to give the appearance that Pl. GARY MONCRIEF committed suicide and thereby was reasonable for Defendant BROWN and Defendant ALBRECHT's actions." (*Id*. at 28 (sic).) It appears Plaintiffs intend to allege the SBI Defendants conspired with others to falsify evidence or

---

[10] However, taking the Second Amended Complaint as a whole, Plaintiffs appear to allege that Gary Moncrief did not die of the self-inflicted bullet, but from a different bullet injury to the head.

[11] Plaintiffs also include other Defendants in Count IV. With respect to those Defendants, the Court will address Count IV separately in ruling on their partial motion to dismiss. (Doc. No. 135.)

break the chain of custody of evidence to make it appear Defendants Brown and Albrecht acted reasonably when they fired on the vehicle in which Gary Moncrief was a passenger.[12]

The SBI Defendants argue Plaintiffs' § 1985 claim is due to be dismissed because Plaintiffs failed to allege sufficient facts to support the claim.[13] They are correct for two reasons. First, Plaintiffs allege no facts indicating the SBI Defendants falsified evidence or broke the chain of custody or conspired with anyone to do so. All the Second Amended Complaint alleges is that, in the course of their investigation, the SBI Defendants photographed and secured the Taurus handgun, failed to include it in their diagram of the scene, and failed to include their own names in the crime scene log. Plaintiffs do not allege the Taurus handgun was not at the crime scene or not in Gary Moncrief's possession during the shooting. Nor do they allege Defendant Gaskin planted the Taurus handgun. Plaintiffs do not even allege Gary Moncrief was unarmed during the shooting or that he never fired a shot.

In sum, any alleged discrepancies in the SBI Defendants' reports do not reasonably call into question whether the Taurus handgun was recovered from Gary Moncrief at the crime scene or whether Gary Moncrief fired the first shot. Therefore, Plaintiffs' allegations fail to establish the SBI Defendants knowingly participated in evidence tampering with the

---

[12] The Court's interpretation of Plaintiffs' allegations is confirmed by the statements Plaintiffs' attorney made in open court during a scheduling and status conference held on July 24, 2025. (*See* Doc. No. 162.)

[13] The SBI Defendants also allege the § 1985 claim should be dismissed on grounds of qualified immunity, but the Court pretermits consideration of their qualified immunity defense because Plaintiffs failed to allege sufficient facts to state a viable § 1985 claim.

6

<u>intent to cover up information related to the shooting</u>.[14] Accordingly, the Second Amended Complaint is devoid of sufficient facts to support Plaintiffs' claim that the SBI Defendants participated in a conspiracy to falsify evidence or break the chain of custody to make it appear Gary Moncrief fired the first shot.

Second, as Defendants point out, as a matter of law, § 1985 does not apply to Plaintiffs' conspiracy claim because Plaintiffs provide no allegations that any Defendant, including the SBI Defendants, acted with intent to discriminate on the basis of race or some other class-based distinction.[15] *Byrd v. Clark*, 783 F.2d 1002, 1007–08 (11th Cir. 1986) ("The language of [§] 1985 which requires an intent to deprive one of equal protection or equal privileges and immunities means that there must be some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action." (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Perhaps for that reason, in response to the SBI

---

[14] In fact, it is too much of a stretch to infer from the Second Amended Complaint that the SBI Defendants tampered with evidence or interfered with the chain of custody at all, regardless of motive.

[15] Some portions of § 1985, which are not relevant here, do not require proof of discriminatory intent because they do not pertain to conspiracies to deprive persons of the equal protection of the laws. *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). Plaintiffs appear to allege a § 1985 equal protection violation, most likely pursuant to the second clause of § 1985(2), which does require proof of discriminatory intent. *Id*. at 725. In relevant part, § 1985(2) states:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2)–(3).

Defendants' motion, Plaintiffs abandon § 1985 and argue exclusively that they have a viable claim for conspiracy under 42 U.S.C. § 1983.

The problem with Plaintiffs' § 1983 argument is that the Second Amended Complaint contains no § 1983 claim,[16] and Plaintiffs cannot amend their Second Amended Complaint by way of their response brief. *McIntosh v. Ragland*, No. 2:23-cv-470-RAH-JTA, 2024 WL 2946092, at *4 (M.D. Ala. June 11, 2024) (noting that a plaintiff cannot amend a complaint through a response to a motion to dismiss (collecting cases)), *report and recommendation adopted*, No. 2:23-CV-470-RAH-JTA, 2024 WL 3339604 (M.D. Ala. July 9, 2024); *see also Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). Hence, Plaintiffs' attempts to convert their § 1985 claim to a § 1983 claim fails.

---

[16] On June 26, 2025, after the time allotted in the Uniform Scheduling Order for amendment of pleadings, after all Defendants filed motions to dismiss the Second Amended Complaint, and in an apparent effort to circumvent Rule 15(a) of the Federal Rules of Civil Procedure and the terms of the Uniform Scheduling Order, Plaintiffs attempted to amend their complaint by filing a "Notice of Correction of Second Amended Complaint." (Doc. No. 146.) They attached to their "Notice of Correction" an amended version of their Second Amended Complaint, which replaced the § 1985 claim with a § 1983 claim. (Doc. No. 146-1.) By way of explanation for the "correction," Plaintiffs admitted they have no viable § 1985 claim and indicated they had intended to file a § 1983 claim instead. Specifically, they stated: "Plaintiffs, after several edits, inadvertently left two references to § 1985 in their Second Amended Complaint. . . . While Plaintiffs considered a conspiracy claim under both §§ 1983 and 1985, in the end, Plaintiffs felt they only had evidence to support a conspiracy claim under § 1983." (Doc. No. 146 at 2.) To enforce the terms of the Uniform Scheduling Order and compliance with the Federal Rules of Civil Procedure, the court construed the "Notice of Correction of Second Amended Complaint" as a Rule 15(a) motion to amend and denied the motion as untimely. (Doc. No. 150.) Thus, Plaintiffs are bound to their allegations in the Second Amended Complaint, which does not include a § 1983 claim.

8

Accordingly, Plaintiffs' § 1985 claim against the SBI Defendants is due to be dismissed for failure to state a claim upon which relief can be granted. Further, because the § 1985 claim is the only claim Plaintiffs assert against the SBI Defendants, the SBI Defendants are due to be dismissed from this action.

A separate order will be entered.

DONE this 10th day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE