IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE MONCRIEF, individually as Administratrix of the Estate of Gary Moncrief, deceased, and in her individual capacity, BENITA MONCRIEF, and TAMARA ACREE,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MONTGOMERY, a municipal corporation of the State of Alabama, CHRISTOPHER BROWN, in his individual capacity as a Police Officer of the City of Montgomery Police Department, and JAMES ALBRECHT in his individual capacity as a Police Officer of the City of Montgomery Police Department,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:23-cv-331-JTA<br>)  (WO)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court are Plaintiffs' motions for leave to file under seal. (Docs. No. 185, 186.)

"The common-law right to access, inspect, and copy judicial records is 'a right grounded in the democratic process' and 'an essential component of our system of justice.'" *Pettaway v. Barber*, 645 F. Supp. 3d 1269, 1275–76 (M.D. Ala. 2022) (quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309, 1311 (11th Cir. 2001)). Public access to judicial records "is 'instrumental in securing the integrity of the [judicial] process' because '[t]he operations of the courts and the judicial conduct of judges

are matters of utmost public concern.'" *Id*. (quoting *Chicago Trib.*, 263 F.3d 1304 at 1309, 1311). Even "where [a] protective order purports to address the confidentiality of information on the public docket, the presumption of public access applies." *DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc*., 990 F.3d 1364, 1370 (Fed. Cir. 2021). Hence, "district courts have an independent duty to protect the public's right of access—even when the parties agree to maintain confidentiality of publicly filed information pursuant to a protective order." *Id*. To enable the Court to fulfill that duty, any party moving for leave to file documents under seal or to publicly file redacted documents must clearly state the basis upon which the public right of access should give way.

Plaintiffs did not properly[1] file with their motion the documents they contend should be maintained under seal, so the Court has no real means of evaluating the merits of

---

[1] The Office of the Clerk of Court has informed the undersigned that, after 9:00 p.m. on the due date of the motions for leave to file under seal, Plaintiffs delivered two USB drives to the Clerk via after-hours drop-off procedures. The USB drives contain hundreds of electronic documents totaling 11.06 GB of material, including many files that are not in an acceptable electronic format. Plaintiffs did not provide the Clerk a clear, adequate explanation which of those electronic documents were to be filed under seal and which were to be publicly filed. Because of these deficiencies, the Clerk cannot file the electronic documents contained on the USB drives. Furthermore, numerous files on the USB drives that were not intended to be filed under seal could have been filed electronically by Plaintiffs' counsel instead of burdening the Clerk with that significant task.

Plaintiffs' counsel is no longer new to the process of filing documents under seal in this Court. (*See* Doc. No. 72 (Plaintiffs' March 17, 2025 unopposed motion for extension of the deadline to amend the complaint because Plaintiffs' counsel did not timely provide the Clerk of Court the exhibits to the second amended complaint she wished to file under seal); Doc. No. 73 at 2 ("Counsel for the Plaintiffs works in Birmingham, Alabama and filed said motion to extend the time once counsel confirmed with the Office of the Clerk of the U.S. District Court for the Middle District of Alabama that there was no way to file documents under seal other than conventional filing."); Doc. No. 76 at 1 n.1 (Plaintiffs' motion for leave to file the exhibits to the second amended complaint under seal stating: "New to the process of filing under seal counsel for the Plaintiffs acknowledges that this motion is necessary and should have been filed along with the

Plaintiffs' motion with respect to those documents. Without providing any context as to the substance of the documents under consideration, Plaintiffs indicate the parties conferred and agreed as to which material they previously designated as confidential may now be publicly filed without objection. Plaintiffs provide lists of documents they seek to file under seal and documents they seek to file publicly in redacted format. However, Plaintiffs do not explain why, under the relevant legal standards, each listed document should be filed under seal or redacted. For example, the motions do not expressly state whether each document to be sealed or redacted is subject to a confidentiality designation pursuant to the March 7, 2025 Confidentiality and Protective Order. (Doc. No. 69.) In fact, it is apparent at least one document Plaintiffs propose to redact—their proposed third amended complaint – is <u>not</u> subject to the confidentiality order. (*See* Doc. No. 69 at 7 ¶ 10 ("[T]his Order shall not prevent a Party from discussing or quoting the content of Confidential Information in a public court filing in this action, provided the filing complies with the privacy protection requirements of Fed. R. Civ. P 5.2."[2])); *see also F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) ("A complaint . . . is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost

---

notice of filing conventionally filed on March 18, 2025." (sic)); Docs. No. 77, 78, 90 (granting Plaintiffs' untimely motions for leave to amend and motion to file under seal.).) The Court expects Plaintiffs' counsel to have familiarized herself by now with the appropriate filing procedures and plan accordingly to meet court-ordered deadlines. <u>Should Plaintiffs' counsel still find herself unsure of the applicable procedures, the Court expects her to contact the Office of the Clerk of Court with any questions **sufficiently in advance of filing deadlines** so that she may timely comply with the Court's orders.</u> Eleventh-hour, indiscriminate document dumps on the Clerk in lieu of learning and following the correct filing procedures will not be tolerated.

[2] Plaintiffs do not indicate any proposed redactions would be based on Fed. R. Civ. P. 5.2.

always necessary if the public is to understand a court's decision. Indeed, the complaint is so fundamental to litigation that the plaintiff's pleadings in the complaint determine whether a federal court has jurisdiction to even entertain the claim."). Nor do Plaintiffs indicate whether some consideration other than a confidentiality designation forms the basis of their request to shield judicial records (or portions thereof) from the public eye.

Accordingly, and in keeping with this Court's obligation to guard the public's right of access to judicial records, prevent unnecessary waste of judicial resources, and enforce compliance with Court orders and procedures, it is ORDERED as follows:

1. Absent leave of Court, no represented party shall conventionally submit to the Clerk of Court for filing <u>any</u> paper or electronic document <u>except</u> (a) the precise documents or exhibits the party seeks to file under seal, (b) electronic audio files, and (c) electronic video files. Counsel is responsible for electronically filing <u>all</u> other material using the Court's e-filing system. Documents submitted to the Clerk for conventional filing must comply with all applicable rules, orders, and procedures, including Standing Order in Re Digital Requirements for Conventional Filing of Documents, Video Files, and Audio Files, 2:24-mc-4032, which is available on the Court's website. Individual electronic documents shall not require a separate password to hear or view them. Audio and video files intended to be publicly filed <u>shall not</u> be submitted to the Clerk on the same USB drive as material to be filed under seal.

4

2. All motions and exhibits thereto submitted conventionally to the Clerk of Court for filing in this action must be filed (a) on or before the due date of the motion, (b) in an acceptable format, (c) with adequate instructions to allow the Clerk to complete the filing. Any motion or exhibit not meeting these requirements is improper and may not be considered by the Court.

3. The Clerk of Court is DIRECTED to return to Plaintiffs' counsel Plaintiffs' notice of conventional filing and the two USB drives Plaintiffs submitted on December 17, 2025 in conjunction with the motions for leave to file under seal (Docs. No. 185, 186).

4. The motions for leave to file under seal (Docs. No. 185, 186) are DENIED inasmuch as Plaintiffs fail to state any reason why the documents at issue are due to be sealed.

DONE this 19th day of December, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE