IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE MONCRIEF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-331-JTA |
| | ) | (WO) |
| CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' "Motion to Vacate Court's Order Quashing Subpoena and Court's Order (Doc. No. 213 And 218)." (Doc. No. 219.) Also before the court is Plaintiffs' "Renewed and Amended Motion to Vacate Court's Order Quashing Subpoenas (Doc. No. 213)." (Doc. No. 231.)

For the reasons stated below, the motions are due to be denied.

## I.    PROCEDURAL HISTORY

By letter dated March 4, 2026, Verizon Wireless ("Verizon") notified Defendants that Plaintiffs had served it with subpoenas. (Doc. No. 213-1; Doc. No. 213-2.) Verizon stated it would release the subpoenaed information if Defendants did not file a motion to quash by March 14, 2026. (Doc. No. 213-1; Doc. No. 213-2.) On March 13, 2026, Defendants filed a motion to quash. (Doc. No. 213.) They argued the subpoenas were untimely because they were issued after the discovery deadline, the subpoenas were unduly burdensome, and Plaintiffs had not provided Defendants proper notice of the subpoenas in accordance with Fed. R. Civ. P. 45(a)(4).

At 4:00 p.m. on March 13, 2026,[1] the Court entered the following Order:

Before the court is Defendants' motion to quash. (Doc. No. 213.) Because the subpoena in question was untimely issued without notice to opposing parties, the subpoena unduly burdens Defendants, and in accordance with Fed. R. Civ. P. 45(d)(3)(A), it is ORDERED that the motion is GRANTED. It is further ORDERED: (1) the February 11, 2026 subpoena to Verizon is quashed; (2) all other subpoenas issued by Plaintiffs after the January 20, 2026 close of discovery are quashed; and (3) Plaintiffs shall not use any records obtained pursuant to the quashed subpoenas as evidence in this action.

(Doc. No. 214.)

At 8:16 p.m. on March 13, 2026, Plaintiffs filed a Notice of Discovery, which provided notices of six non-party subpoenas. (Doc. No. 215.) The subpoenas included in Plaintiffs' Notice of Discovery appeared very similar to the subpoenas referenced in Defendants' motion to quash.[2] (*See* Docs. No. 213, 215.)

Accordingly, on March 16, 2026, the Court entered the following Order:

Before the court is Plaintiffs' Notice of Discovery (Doc. No. 215), which appears to be a notice Plaintiffs intend to serve subpoenas in violation of this Court's Orders. (*See* Docs. No. 166, 214.) It is ORDERED that, on or before March 27, 2026, Defendants shall file a response to the Notice of Discovery. On or before April 1, 2026, Plaintiffs shall file a reply. It is further

---

[1] Plaintiffs allege the March 13, 2026 Order deprived them of due process by not allowing them an opportunity to respond to the motion to quash. That argument is moot. Plaintiffs have now filed three motions arguing against the motion to quash. (Docs. No. 219, 231, 232.) The first two are addressed in this Order. The third, a motion for sanctions, will be addressed separately.

[2] The Notice of Discovery is not a model of clarity. It contains no indication why Plaintiffs filed it. It is a notice of intent to issue subpoenas, although the deadline for production listed on the subpoenas was expired. Thus, it appeared Plaintiffs may have intended the document as notice of their intent to amend and serve the subpoenas at some point in the future. As it turns out, at least some of the subpoenas attached to the Notice of Discovery were amended and issued after the discovery deadline. However, Plaintiff has since clarified that the Notice of Discovery was not meant to communicate an intent to issue or re-issue subpoenas after entry of the March 13, 2026 Order. (Doc. No. 219 at 17–18.)

ORDERED that Plaintiffs shall issue no subpoenas pending the Court's ruling on the Notice of Discovery. Further, no motion for leave to issue the subpoenas will be allowed, as Plaintiffs did not so move before notifying the Court of their intent to serve the subpoenas in apparent violation of Court orders.

(Doc. No. 218.)

## II.    DISCUSSION

A.    The March 13, 2026 Order

The March 13, 2026 Order granted Defendants' motion to quash for three independent reasons. The first reason was that Plaintiffs untimely issued the subpoenas after the January 20, 2026 discovery deadline.[3] (*See* Doc. No. 214.) Plaintiffs concede they did not issue the subpoenas listed in their Notice of Discovery before the discovery deadline. (Doc. No. 166; Doc. No. 219 at 6.) Instead, Plaintiffs offer a lengthy narrative that amounts to an argument Defendants should have anticipated Plaintiffs' intent to issue the subpoenas after the discovery deadline. Plaintiffs further argue the subpoenas were timely pursuant to Defendants' agreement to extend the discovery deadline.

Plaintiffs contend they began seeking certain discovery from Defendants as long ago as September 2025, which they allege they needed before they could issue the subpoenas. Plaintiffs also state that, in October 2025, they provided Defendants notice of

---

[3] The July 25, 2025 Amended Uniform Scheduling Order extended the discovery deadline, stating: "All discovery shall be completed on or before **January 20, 2026**." (Doc. No. 166 at 2 (emphasis in original).) The *Guidelines to Civil Discovery Practice in the Middle District of Alabama* ("*Guidelines*") provide: "The judges apply the discovery cutoff date to mean that discovery must be completed by that date. . . . Untimely discovery requests are subject to objection on that basis." *Guidelines* at 3; *see also id.*, Summary of the 2015 Revisions ("The Court applies the discovery cutoff date to mean that discovery must be completed by that date.").

their intent to issue the subpoenas. Yet, Plaintiffs did not timely[4] move to compel production to obtain the information they needed. Instead, as Plaintiffs state: "On the last day of discovery, January 20, 2026, [c]ounsel for the Plaintiffs contacted [c]ounsel for the Defendants regarding outstanding discovery." (Doc. No. 219 at 4.) Thereafter, Plaintiffs unsuccessfully attempted three times to secure Defendants' agreement to extend the discovery deadline generally.[5] (*Id*. at 4–5; Doc. No. 219-11 at 4–7.) Instead, Defendants "agreed" to extend discovery "so that depos can be completed and confirming already requested info has been/will be exchanged."[6] (Doc. No. 219-11 at 5–6 (sic).)

Subpoenas are not depositions. Neither are they "already requested info."[7] (*See* Doc.

---

[4] In this Court, motions to compel must be filed not later than ten days before the close of discovery. *Guidelines* at 3. Noncompliant motions may be denied as untimely. *Id*.

[5] The *Guidelines* provide:

> Discovery (primarily taking depositions) may be taken by agreement after the discovery cutoff, but the Court may refuse to resolve any disputes. The best practice is to file a Motion for Extension of Discovery before the discovery cutoff.[]

*Guidelines*, Summary of the 2015 Revisions; *see also id.* ("The parties may conduct discovery (primarily taking depositions) by agreement after the discovery cutoff. If an agreement is reached to extend the discovery cutoff, the agreement should be confirmed in writing as soon as possible.").

[6] Plaintiffs affirmatively state the parties "agreed to extend the discovery deadline generally in writing." (Doc. No. 219 at 10; Doc. No. 231 at 11.) That statement is false. (Doc. No. 219-11 at 5–6 (the text of the parties' agreement); *see also* Doc. No. 219 at 14 (Plaintiffs' acknowledgment that "Counsel for the Defendants agreed to engage in discovery after the discovery period ended . . . to allow for Counsel for the Defendants to depose Plaintiff and continue to respond to Plaintiffs' requests for production . . . ."); Doc. No. 231 at 15.) Yet, Plaintiffs accuse Defendants' counsel of "com[ing] before this Court and misrepresent[ing] facts surrounding Plaintiffs' properly noticed subpoenas." (Doc. No. 219 at 14; Doc. No. 231 at 15.)

[7] The Court strictly construes agreements to extend discovery deadlines because they exceed the provisions of the Court's scheduling orders and the Court is not bound by such agreements. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent"); *see also Hudson v. Fla. Dep't of Corr.*, No. 2:19-cv-12-FTM-66-NPM, 2020 WL 13647767, at *1 n.1 (M.D. Fla. July 23, 2020) (enforcing a discovery deadline

4

No. 219-11 at 5–6.) Instead, at the time of the parties' agreement, Plaintiffs had no more than an <u>intent</u> to "request[] info" via subpoenas <u>at some point in the future</u>.[8] (*See id.*) Plaintiffs therefore acted improperly by issuing the subpoenas after the discovery deadline without first notifying Defendants and reaching an agreement.

Consequently, any subpoenas issued after the discovery deadline are untimely, and objections to their untimeliness are properly sustained. On that basis alone,[9] the Court will not vacate the March 13, 2026 Order.

B.      The March 16, 2026 Order

Plaintiffs attack the merits of the March 16, 2026 Order. (Doc. No. 219 at 17–18.) They also argue the March 16, 2026 Order is moot. The March 16, 2026 Order (Doc. No. 218) is a briefing order which maintains the status quo and enforces the January 20, 2026 discovery deadline. It makes no findings of fact or conclusions of law. It is not dispositive of any motion or issue. Nor is it moot. The Court will not vacate it.

---

despite the parties' agreement to a limited extension, stating: "[T]o be clear, this agreement between the parties did not change or modify the Court's April 3, 2020 discovery deadline.").

[8] Given the lack of a timely motion to compel, the Court is unpersuaded by Plaintiffs' attempt to blame their delay in issuing the subpoenas on Defendants' dilatory discovery responses.

[9] The Court pretermits consideration of Plaintiffs' other arguments. Notably, however, the Court rejects Plaintiffs' contention Defendants acted in bad faith and are engaging in obstructive conduct by insisting on compliance with the discovery deadlines. (Doc. No. 219 at 13–16; Doc. No. 231 at 15–16.) **Counsel for Plaintiffs is ADVISED against launching such unfounded accusations at opposing counsel.** Plaintiffs' own motions to vacate the Court's orders, as well as the history of this case, affirmatively demonstrate the Court's and defense counsel's unusual forbearance toward Plaintiffs' counsel. If anything, <u>Plaintiffs'</u> counsel is acting questionably. The parties agreed to allow some **limited discovery** after the deadline. Plaintiffs' counsel is now attempting to misuse that agreement to obtain late discovery that was never contemplated by the agreement, all while accusing Defendants' counsel of bad faith and seeking sanctions against Defendants. (*See* Doc. No. 232.)

### III.    CONCLUSION

Accordingly, it is ORDERED as follows:

1.    Plaintiffs' "Motion to Vacate Court's Order Quashing Subpoena and Court's Order (Doc. No. 213 And 218)" (Doc. No. 219) is DENIED.

2.    Plaintiffs' "Renewed and Amended Motion to Vacate Court's Order Quashing Subpoenas (Doc. No. 213)" (Doc. No. 231) is DENIED.

Motions to reconsider, modify, alter, amend, or vacate this Order will be summarily denied. **This case must move forward in accordance with all applicable deadlines.**

DONE this 7th day of April, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE